[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S SPECIAL DEFENSE
In count three of its amended complaint the plaintiff has alleged slander, per se, against the defendant, Stafford Construction. He claims that two of defendant's employees filed citizens complaints with the Hartford police department against him for allegedly making racial slurs. Plaintiff, a Hartford police officer, was acting as an off-duty officer on a private job hired by the defendant through the Hartford police department. He was handling traffic caused by the construction company's activities. CT Page 7133
The plaintiff alleges that as a result of said complaint an official investigation was commenced by the Hartford police department. Investigation by the Internal Affairs Division led to the plaintiff being charged with violation of Article I Section I of the Hartford police department code of conduct, i.e. conduct unbecoming an officer. As a result of these allegations a department hearing was held at the Hartford police headquarters regarding plaintiff's alleged conduct and that on August 17, 1998, approximately one year and five months after the initial complaint by the employees of the construction company, the plaintiff was found not guilty of violating these sections.
The defendant has filed a special defense as follows, "Any alleged defamatory statements are subject to the doctrine of Absolute Privilege because they were made in the course of a judicial or quasi-judicial proceeding."
The plaintiff has filed this Motion to Strike the Special Defense on the grounds of legal insufficiency. Both parties have filed memoranda of law.
"Facts which are consistent with the plaintiff's statement of facts but show, notwithstanding, that the plaintiff has no cause of action, must be specially pleaded." Practice Book 10-50. The special defense plead by the defendant, Stafford Construction, that the alleged defamation statements are subject to the doctrine of Absolute Privilege is a valid special defense. Whether or not Absolute Privilege is applicable depends upon the nature of the body to which the alleged defamatory remarks were made, that is, was it a judicial or quasi-judicial body or organization. Plaintiff denies that a judicial or quasi-judicial body was involved using, however, a "speaking" motion adding facts to the complaint.
The defendant claims that the investigation before the Hartford police department constitutes such an organization also offering representations of facts not in the pleadings, e.g. re: the procedures of the Hartford police department.
In the opinion of this Court whether or not a claim of Absolute Privilege can be substantiated in a Motion to Strike must be determined by the trial Court where the Court will be presented with a factual record as to the nature of the proceeding or procedure in question.
Motion to Strike the special defense is denied.
HALE, J.T.R. CT Page 7134